[No. 22375.   Department One.   August 19, 1930.]

JOHN T. WHEATMAN, *Appellant,* v. R. HOE & COMPANY, INCORPORATED, *Respondent.*

J. D. BENNER, *Respondent,* v. JOHN T. WHEATMAN, *Appellant.*[1]

[1]Reported in 290 Pac. 853.

*Edwin H. Flick* and *Stanley Kent,* for appellant.

*Geo. H. Crandell* and *Edward M. Berloski,* for respondents.

PARKER, J.—These actions were originally separately commenced in the superior court for King county, being consolidated for trial and final disposition because, as developed by the pleadings therein, they presented, in substance, the same controversy—that is, in the first action, as to whether or not Wheatman became entitled to his claim of damages or commission as against Hoe & Co.; and in the second action, as to whether or not Wheatman became entitled to the same claim of damages or commission as an offset against the notes given by him to Hoe & Co. and assigned to Benner after maturity, upon which notes Benner sought recovery.

The cause proceeded to trial in the superior court sitting with a jury, resulting in a verdict awarding to Benner recovery upon the notes in the sum of $5,185. In arriving at this award, the jury allowed Wheatman an offset not here in question. The other claim of offset made by Wheatman was, by the trial judge, withdrawn from the jury, seemingly because it was considered as presenting a question of accounting. This claim of offset was determined by the trial judge adverse to Wheatman. Final judgment was rendered awarding to Benner recovery against Wheatman in the sum of $5,185, in accordance with the jury's verdict. From this disposition of the cause in the superior court, Wheatman has appealed to this court.

While the record of this case is voluminous and somewhat involved, the real question here presented is narrow; it being as to whether or not the trial judge erred in denying Wheatman's claim of offset which

234

was withdrawn from the consideration of the jury and decided as a non-jury question.

Wheatman, during the times here in question, was engaged in business in Seattle, consisting of furnishing saws and related appliances to sawmills in western Washington. Hoe & Co., during the times here in question, was engaged in manufacturing saws in New York. On January 29, 1925, Hoe & Co. and Wheatman entered into a contract which, so far as need be here noticed, reads as follows:

"(1). It is agreed between R. Hoe & Co., Inc., of New York City, N. Y., hereafter referred to as the principal, and Mr. John T. Wheatman, 2921 First avenue south, Seattle, Wash., hereafter referred to as the agent, that Mr. John T. Wheatman shall act as agent for the sale of saws, bits and shanks, manufactured by R. Hoe & Co., Inc., as shown in their new catalog.

"(2). The principal agrees to allow the agent a discount of 20% from their Pacific Coast net price list on all goods. . . .

"(3). The agent is privileged to sell in any part of Western Washington, and is to receive co-operation from the principal in that territory lying North of Auburn, and West of the Cascade Mountains. It is understood the principal will continue their present selling arrangements with other jobbers in the State of Washington.

"(4). The principal agrees to consign to the agent a stock of saws consisting of approximately the following: . . . It is understood that the agent is to report to the principal on the first day of every month the saws sold from stock during the preceding month. On receipt of such report the principal will render open account invoice due and payable in New York funds on the first day of second month following said report.

"(5). The agent agrees to purchase on open account all bits and shanks, and saws under 28-inch diameter, . . .

"(6). The agent agrees to push the sale of saws, bits and shanks manufactured by the principal and

not to manufacture or sell any articles of a competitive nature, except when deemed necessary to hold an order.''

They continued to operate under this contract and some claimed oral modifications thereof (proof of which claimed modifications is very unsatisfactory), until sometime in 1927. When this contract was entered into, Hoe & Co. had selling arrangements with other jobbers in western Washington. It may be conceded for present purposes, as it is claimed in behalf of Wheatman, that his so-called agency under the contract was exclusive except as to the selling rights to and by those jobbers. The Everett Belting Co., a jobber doing business in the northern portion of western Washington, was not one of them. Some sales were made by Hoe & Co. to the Everett Belting Co.; it, in turn, making sales in the northern portion of western Washington. This, it is claimed by Wheatman, constituted a breach of his contract with Hoe & Co. for which he is entitled to damages from Hoe & Co., measured by twenty per cent of such sales made by the Everett Belting Co. This being the question withdrawn from the jury and decided by the trial judge, he made findings with reference thereto, as follows:

''That R. Hoe & Co. heretofore granted to Wheatman the right to sell Hoe products in the district north of Auburn and west of the Cascade Mountains in the state of Washington, reserving to itself the right to continue in that territory its relations with then existing agents or jobbers. . . . By the terms of said contract Hoe & Co. agreed to allow Wheatman a discount or commission of twenty per cent on all Hoe products sold by Wheatman in said northwest territory.

''That after the execution of said contract Hoe & Co. made jobbing arrangements with the Everett Belting Co., that said Everett Belting Co. was not one of

236

its agents or jobbers at the date of the execution of the contract of January, 1925. That said Everett Belting Company sold considerable Hoe & Co. products in said northwest territory and that the total amount of said sales through the Everett Belting Company amounted to $5,654.06, and that on said sales only the sum of $83.34 was paid by Hoe & Co. to Wheatman as commissions.

"That Wheatman made efforts to·sell Hoe & Co. products in said northwest territory; that the business of selling saw products in said area was a highly competitive one; that to obtain business from the mills in that territory acquired vigorous efforts on the part of the person seeking to make sales; that Hoe & Co., recognizing this fact, had an employee, one, Wilson, who made periodical trips over the territory; that the said Wilson, instead of co-operating exclusively with Wheatman, also, at times went over said territory with the representative·of the Everett Belting Company.

"That by the installing of the Everett Belting Co. as an agent in said territory, R. Hoe & Co. made an invasion of the territory so allotted to Wheatman. But the court is unable to determine from these premises that Wheatman would be entitled to a commission on all or any portion of the sales made through said Everett Belting Company."

These findings manifestly mean that the trial judge is of the opinion that the evidence does not sufficiently prove any damage to Wheatman as the result of the sales by the Everett Belting Co. made in the northern portion of western Washington; that is, that it is not shown by the evidence that Wheatman would have made any more sales than he did make in that territory had the Everett Belting Co. made no sales therein.

While exceptions were taken in behalf of Wheatman to the findings of the trial court, we do not find in the record before us any objections made in the trial court to its taking from the jury the question of

Wheatman's right to damages or commission because of the sales made by the Everett Belting Co. So, our problem is, in its final analysis, simply one of fact as to whether the trial court's findings are called for by the evidence.

Our reading of the evidence, as abstracted by counsel for Wheatman, convinces us that, had we been the original triers of the fact in the case, we would have arrived at the same result. We would not disturb the judgment unless we could see that the evidence preponderated against the trial judge's findings. We are convinced that the evidence does not so preponderate. It seems to us to preponderate in favor of the trial court's findings. We do not feel called upon to review the evidence in this opinion for the purpose of demonstrating the correctness of this conclusion.

■ Some contention is made by counsel for Wheatman rested upon the theory that his agency was such that he was entitled to twenty per cent commission, as such, upon all sales made by the Everett Belting Company. While the contract between Hoe & Co., and Wheatman is, in a loose sense, one of agency, it seems plain to us it is not so in a legal sense. It is but a buying and selling agreement by which Wheatman was to purchase goods from Hoe & Co., pay for them as sold, and have in some measure exclusively that territory within which to sell them. We think it is not what commission, as such, may be due from Hoe & Co. to Wheatman, but how much, if any, was Wheatman damaged; which damage, if any, would be measured by twenty per cent of the sales made by the Everett Belting Co. to the damage of Wheatman. The theory of the trial judge apparently was that there was no sufficient proof of any such damage, because there was no substantial proof that Wheatman could

238

have obtained the sales made by the Everett Belting Co. With this we agree.

The judgment is affirmed.

MITCHELL, C. J., TOLMAN, BEALS, and FRENCH, JJ., concur.

